IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                ORDER

      Plaintiff,

                08-cv-661-bbc

  v.

CHARLES TUBBS, PAUL WESTERHAUS,
JOHN R. OURADA, BRUCE SUNDE,
THOMAS BRANDT, WAYNE KRAFT,
BRUCE GERDES, GREG WIED and
DAVE GRYSKIEWICZ,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In an order dated November 17, 2008, plaintiff was granted leave to proceed in this action on his Eighth Amendment claims against defendants Brandt, Kraft, Gerdes, John Does ##3-10, Tubbs, Westerhaus, Ourada and Sunde.  On December 29, 2008, the named defendants filed an answer to the complaint, raising various affirmative defenses.  (Since that time, plaintiff has been allowed to amend the caption to identify defendants Wied and Gryskiewicz as two of the John Doe defendants.  Defendants Wied's and Gryskiewicz's answer to the complaint is due by June 22, 2009.  The remaining John Doe defendants, John Does ##5-10, have been dismissed from this case.)  Now plaintiff has filed a document

1

titled "Plaintiff's Motion to Strike Defendants' Affirmative Defenses," that I construe as a reply to the answer, and a letter dated May 13, 2009, that I construe as a supplement to the reply.

Fed. R. Civ. P. 12(b) permits a defendant to avoid litigation of a case if plaintiff's allegations of fact are insufficient to make out a legal claim against the defendant. Although defendants have raised certain affirmative defenses in their answer, they have not filed a motion to dismiss. If such a motion were to be filed, plaintiff would be allowed to respond to it. Otherwise, it is not necessary for plaintiff to respond to defendants' answer. Indeed, Fed. R. Civ. P. 7(a) forbids a plaintiff from submitting a reply to an answer unless directed by the court. No such order has been entered in this case. Plaintiff should be aware, however, that he is not prejudiced by Rule 7(a). Under Fed. R. Civ. P. 8(b)(6), the court assumes that the plaintiff denies the answer. Therefore, although plaintiff is not permitted to respond to defendants' answer, the court assumes that he has denied the factual statements and affirmative defenses raised in that answer.

ORDER

IT IS ORDERED that plaintiff's reply to defendant's answer, dkt. #18, and his

2

supplement to the reply, dkt#19, will be placed in the court's file but will not be considered.

Entered this 20th day of May, 2009.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      BARBARA B. CRABB
                                      District Judge