IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                                        ORDER

           Plaintiff,

                                       08-cv-661-bbc

     v.

CHARLES TUBBS, PAUL WESTERHAUS,
JOHN R. OURADA, BRUCE SUNDE,
THOMAS BRANDT, WAYNE KRAFT,
BRUCE GERDES, GREG WIED and
DAVE GRYSKIEWICZ,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this prisoner civil rights case, plaintiff Samuel S. Upthegrove alleges that defendants Brandt, Kraft, Gerdes, Wied and Gryskiewicz used excessive force against him and defendants Tubbs, Westerhaus, Ourada and Sunde failed to train the defendants in the proper use of force.  Defendants Tubbs, Westerhaus, Ourada and Sunde filed a motion for summary judgment, contending that plaintiff cannot establish that they did not provide constitutionally inadequate training.  That motion is being briefed.  However, plaintiff has filed a "Motion to Dismiss and Motion to Strike," which is properly construed as a motion for voluntary dismissal of his failure to train claim pursuant to Fed. R. Civ. P. 41(a)(2).

1

(Plaintiff moves to dismiss his failure to train claim against defendants Tubbs, Westerhaus, Ourada and Sunde and "strike" defendants' motion for summary judgment as moot.)

Voluntary dismissal under Rule 41(a)(2) is to be granted "on terms that the court considers proper." For example, the court may require that dismissal be with prejudice or condition the dismissal on plaintiff's payment of costs and attorney fees. Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985). In this case, dismissal under Rule 41(a)(2) could only be with prejudice. The motion for dismissal comes after defendants have filed a motion for summary judgment. Moreover, plaintiff has admitted that he has been "unable to obtain sufficient evidence to prove his claim against defendants Tubbs, Westerhaus, Ourada and Sunde." Dkt. #30, at 1. It would make no sense to allow this claim to be dismissed without prejudice. Because I have decided that dismissal must be with prejudice, plaintiff should have an opportunity to withdraw his motion for voluntary dismissal. Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994). He may have until July 20, 2009 (the date his brief in opposition to defendants' motion for summary judgment is due) in which to indicate whether he wishes to withdraw his motion. If he fails to respond by that date, I will assume that he accepts the terms of dismissal and I will dismiss plaintiff's failure to train claim with prejudice.

One other matter requires attention. Originally, plaintiff asserted claims against several "John Doe" defendants. In defendants' brief in support of their motion for summary

2

judgment, they state that "[n]o additional Defendants were ever named to replace the John Doe defendants referred to in the original complaint." Dkt. #23, at 2, n.1. This is not true. In an order entered May 11, 2009, I granted plaintiff's motion to supplement his amended complaint. Dkt. #17. In this supplement, plaintiff identifies two of the original John Doe defendants as Greg Wied and Dave Gryskiewicz. Moreover, I ordered that dkts. ##14, 16 and 17 (plaintiff's amended complaint, supplement and order granting motion for leave to supplement) be sent to the Attorney General for service on defendants Wied and Gryskiewicz pursuant to an informal service agreement with the Attorney General. Dkt. #17, at 3. The court record shows no indication that these defendants have been served. Because it appears that defendants Wied and Gryskiewicz have not been served, I will order once more that these documents be sent to the Attorney General for service on defendants Wied and Gryskiewicz. (Although defendants Wied and Gryskiewicz were not served before the dispositive motions deadline had passed, I do not expect that there will be a need for an extension of that deadline; defendants have acknowledged that material factual disputes exist related to plaintiff's excessive force claim against the staff who engaged in room entry on March 19, 2005, and defendants Wied and Gryskiewicz are alleged to have been involved in that incident.)

3

ORDER

IT IS ORDERED that:

1. Plaintiff Samuel S. Upthegrove's Motion to Dismiss and Motion to Strike, dkt. #30, is STAYED; plaintiff may have until July 20, 2009 in which to withdraw the motion if he does not want his claims against defendants Charles Tubbs, Paul Westerhaus, John Ourada and Bruce Sunde to be dismissed with prejudice. If, by July 20, 2009, plaintiff fails to respond to this order, his claim against those defendants will be dismissed with prejudice.

2. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint, dkt. #14, plaintiff's supplement to the amended complaint, dkt. #16, and the order granting plaintiff's motion to supplement his complaint, dkt. #17, are being sent today to the Attorney General for service on defendants Greg Wied and Dave Gryskiewicz.

Entered this 26th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4